# IN THE COURT OF APPEALS OF IOWA

No. 23-0456
Filed June 5, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERICA LYNN VELEZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Tama County, Fae Hoover Grinde,

Judge.


        A defendant challenges her concurrent sentences arising from an armed

assault at a social club.  **AFFIRMED.**


        Allan M. Richards, Tama, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


        Considered by Tabor, P.J., and Badding and Buller, JJ.

**TABOR, Presiding Judge.**

Erica Velez appeals three concurrent prison sentences not to exceed two years stemming from her criminal conduct at a social club in September 2021. She argues that she suffered a due process violation and that the sentencing court should have granted her a deferred judgment. Velez failed to preserve error on her constitutional claim. And we detect no abuse of discretion in the sentencing. Thus, we affirm.

### I.      Facts and Prior Proceedings

Velez lived next to the Eagles Club in downtown Tama. In September 2021, the club held a street dance that kept her awake. According to the minutes of evidence, Velez "approached [D.V.] just outside the door of the building" holding a handgun. Velez "announced that 'if the DJ doesn't stop the music; I'm going to blow you away and then shoot the rest of you bitches.'" Velez held the gun "within a matter of six inches" from D.V.'s face. D.V. recalled having "terrible nightmares" of the barrel right in front of her. D.V. told a bartender to call the police.

Velez was arrested and charged with four counts: (I) going armed with intent, a class "D" felony in violation of Iowa Code section 708.8 (2021); (II) assault while participating in a felony, a class "D" felony in violation of section 708.3; (III) assault with a firearm, an aggravated misdemeanor in violation of section 708.2(3); and (IV) intimidation with a dangerous weapon, a class "D" felony in violation of section 708.6. An amended trial information added count (V) use of a dangerous weapon in the commission of a crime, an aggravated misdemeanor

in violation of section 724.4 and count (VI) harassment in the first degree, an aggravated misdemeanor in violation of section 708.7.

Velez entered *Alford*[1] pleas to counts III, V, and VI.[2]  As part of that plea bargain, the State agreed to dismiss the felony counts.  At the sentencing hearing in March 2023, Velez requested a suspended sentence and emphasized that she "just wanted to move on with her life."  She asked the court to consider her efforts to find work, her medical history including a head injury, and the fact that she was one-half credit shy of completing high school.[3]  The presentence investigation (PSI) report mentioned those facts, as well as her criminal history.  The court considered D.V.'s victim impact statement, along with the nature of the charges, Velez's age, her prior record, and her "lack of contrition" at the sentencing hearing.  The court sentenced Velez to a prison term not to exceed two years for each offense, set to run concurrently.  Velez appeals.[4]

## II.     Scope and Standards of Review

We review sentences within the statutory limits for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015).  "The decision of the district

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("The express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty.").
[2] This offense was not the only matter before the sentencing court.  In December 2021, Velez pleaded guilty to possession of a controlled substance, a serious misdemeanor in violation of Iowa Code section 124.401(5).  And in January 2022, she pleaded guilty to operating while intoxicated, a serious misdemeanor in violation of Iowa Code section 321J.2.  Velez challenges only her sentences in the Eagles Club incident.
[3] Velez worked for her attorney, Allan Richards, before he represented her in this case.  Velez would do "odd jobs" such as painting and "cleaning rental properties in return for cash or rent."
[4] Velez has established good cause to appeal her sentence.  *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).

court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The district court abuses its discretion by relying on grounds or reasons that were clearly untenable or unreasonable. *State v. Grubbs*, 3 N.W.3d 229, 230 (Iowa Ct. App. 2023). When a party raises constitutional claims, our review is de novo. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017).

### III. Analysis

### A. Denial of Due Process

Velez argues that her treatment "by the State of Iowa" was so unfair that she was denied due process. She mentions the "motives of the prosecution" and how the "lack of understanding" of her situation led to unfairness. But the State contends Velez did not preserve her argument for our review. We agree. Because Velez appears to be claiming errors in the proceedings before imposition of sentence, the normal rules of error preservation apply. *See State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018). She did not raise a due process claim in the district court. Thus, we decline to address her constitutional argument now. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). On top of failing to preserve her argument, Velez fails to cite any authority on this issue. So, we also deem it waived. *See Hickman v. State*, No. 03-0706, 2004 WL

57668, at *3 (Iowa Ct. App. Jan. 14, 2004) ("The failure in a brief to state, to argue or to cite authority in support of an issue may be deemed a waiver of that issue.").

### B. Abuse of Discretion

Next, Velez argues that the sentencing judge should have granted a deferred judgment.[5] She insists that "the court was fully informed of the misdeeds and lack of fairness provided by the State of Iowa in the treatment of the defendant." Her arguments lack merit. At the sentencing hearing, Velez asked for a suspended sentence. "[B]efore deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Formaro*, 638 N.W.2d at 725.

The court was within its discretion to deny Velez's request for a suspended sentence. *State v. Sando*, No. 23-1091, 2024 WL 2043151, at *2 (Iowa Ct. App. May 8, 2024) (recognizing that a court is not required to explain its reasoning for rejecting a requested sentence). The court considered all pertinent sentencing factors. It emphasized Velez's "prior record [of] assaultive behavior" and her failure to "appreciate the effect that her conduct has had on other people." We find no

---

[5] The record is unclear whether Velez was even eligible for a deferred judgment under Iowa Code section 907.3(1)(a)(3). The PSI states that Velez received two previous deferred judgments. But at the sentencing hearing, defense counsel objected that "this PSI doesn't reflect that Erica successfully completed the two years probation" for one of those deferred judgments. Counsel claimed he was asking the county attorney "to have it completely erased so then Erica would be eligible for a deferred." But counsel added, "[W]ith that said, Erica's happy going forward knowing that this is not going to be a deferred judgment case."

abuse of discretion and affirm Velez's sentence. *See State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005) (defendant's lack of remorse is a pertinent sentencing factor).

**AFFRIMED.**